UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02204

**Manuel Mendez Gutierrez,**
*Petitioner,*
v.
**Charlotte Collins, et al.,**
*Respondents.*

## ORDER

Manuel Mendez Gutierrez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about December 2019. In early July 2026, Petitioner was detained by federal immigration officials following a traffic stop and transferred to the T. Don Hutto Detention Center in Taylor, Texas. Petitioner intends to raise claims under the Convention Against Torture at his removal hearing.

On August 11, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful for a variety of reasons. Take first Petitioner's arguments that his detention is unlawful because it violates due process, the Administrative Procedure Act, the Immigration and Nationality Act, federal immigration regulations, the Suspension Clause, and the terms of a certified class. These arguments

fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments about the Suspension Clause, the APA, or immigration regulations require it either.[1] *See Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026) (Parts I–V).

Petitioner's argument that his detention violates his right to equal protection of the laws is also meritless. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The Supreme Court "has interpreted the Fifth Amendment to contain an equal protection component." *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)) (internal quotation marks omitted). "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

protection claims against state actors." *Chi v. Warden, Bluebonnet Detention Facility*, 2026 WL 1062652, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, 2017 WL 1857442 (N.D. Tex. Mar. 28, 2017) (quoting *Stern v. Tarrant Cnty. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985)).

Petitioner concedes that the Government's action here is subject only to rational basis review. ECF No. 1 at ¶ 270. Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. *Id.* at ¶ 269. But Petitioner does not dispute that Respondents are currently treating him and similarly situated individuals similarly. They are all being detained without bond under 8 U.S.C. § 1225, which is why Courts have seen a deluge of petitions nearly identical to Petitioner's. Rather, Petitioner's argument is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that Section 1225 "unambiguously provides for mandatory detention"). It is not an equal protection violation for Respondents to start following the law.

Petitioner's Fourth Amendment argument also fails. Petitioner's primary complaint is that his detention is unlawful because he was arrested without a warrant in violation of both the Constitution and agency regulations. *See* ECF No. 1 at

¶¶ 176-180. But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 US 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition and collecting cases).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on September 3, 2026.*

ANDREW DAVIS
United States District Judge